**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JEREMY BANKS,

    Plaintiff,

vs.                                                        CASE NO. 3:14-cv-65-J-39MCR

RUSTY RAY RODGERS, an individual,
and the FLORIDA DEPARTMENT OF
LAW ENFORCEMENT

    Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel Defendant Rusty Ray Rodgers to Produce Responsive Documents and Provide Complete Responses to First Request for Production of Documents (Doc. 52, Motion to Compel) and Defendant Rusty Ray Rodgers's response stating his opposition to the sought discovery (Doc. 61, Response). For the reasons stated herein, the Court will deny the Motion to Compel as moot without prejudice to refiling.

In the Motion to Compel, Plaintiff requests Rodgers be ordered to produce documents responsive to Plaintiff's Request Nos. 1-3. In general, Plaintiff seeks discovery in the possession, custody or control of Rodgers, including telephone records, text messages, emails, reports (official and internal), notes and other writings, recorded statements, recorded interviews, and any written notes or reports from unrecorded interviews, that Rodgers may have relating to the death investigation of Michelle O'Connell and the investigation of Jeremy Banks. Rodgers objects to the Motion to Compel, responding that the sought information is either overly broad and unduly burdensome, or

the materials in his possession may not be complete and Plaintiff could more appropriately obtain these from the Florida Department of Law Enforcement. Rodgers also complains Plaintiff "never conferred with defense counsel" regarding a portion of the sought discovery. *See* Response at 3-4.

On February 13, 2015, the District Court entered its Order dismissing without prejudice all counts against Defendant Rodgers in the Amended Complaint (Doc. 49). On February 17, 2015, the District Court vacated the Case Management and Scheduling Order and directed the parties to file a renewed Case Management Report by March 19, 2015 (Doc. 51).

Motions to compel disclosures and other discovery under Rule 37(a) are committed to the sound discretion of the trial court. *Commercial Union Insurance Co. v. Westrope,* 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. *Id*. The parties in civil litigation are encouraged to cooperate in discovery matters. "The rules require that discovery be accomplished voluntarily; that is, the parties should affirmatively disclose relevant information without the necessity of court orders compelling disclosure." *Bush Ranch v. E.I. DuPont Nemours and Co.*, 918 F. Supp. 1524, 1542 (M.D. Ga. 1995).

Presently, there is no operative complaint alleging claims against Defendant Rodgers. Thus, it would be inappropriate for the Court to consider the instant Motion to Compel on its merits, unless or until Plaintiff files a properly amended complaint alleging claims against Rodgers. *Langston v. Shiaishi,* 568 F. App'x 519, 520 (9th Cir. 2014)*; see*

*also, Weiss v. United States,* 199 F.2d 454 (2nd Cir. 1952) (per curiam) (dismissal of complaint rendered moot all the plaintiff's motions); *Zarrella v. Pacific Life Ins. Co.*, No. 10-60754-CIV, 2011 WL 2148859, at *1 n.1 (S.D. Fla. May 31, 2011) (noting the court could not consider a discovery motion until a second amended complaint was filed). On the facts of this case, the Court finds denial of the Motion to Compel without prejudice is appropriate at this time.

Accordingly, it is **ORDERED**:

The Motion to Compel (**Doc. 46**) is **DENIED as moot without prejudice to refiling, if necessary**.

**DONE AND ORDERED** at Jacksonville, Florida on February 20, 2015.

Copies to:

Counsel of Record

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE